IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD HAROLD COREY,<br>Petitioner<br><br>v.<br><br>RONNIE R. HOLT,<br>Respondent[1] | :<br>:<br>:   No. 08-cv-0760<br>:<br>:   Judge John E. Jones III<br>:<br>: |

## MEMORANDUM

October 16, 2008

This matter is before the Court on the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 of Edward Harold Corey, an inmate presently confined at the Canaan United States Penitentiary in Waymart, Pennsylvania. For the reasons set forth below, the petition will be denied.

I. BACKGROUND

Corey's petition seeks to have the time he spent in two state facilities credited toward the federal sentence he is currently serving at USP-Canaan. Because the disposition of Corey's petition is largely dependent on his prior

---

[1] Petitioner also named as a respondent the United States Bureau of Prisons. However, the proper respondent in a habeas action is the prison warden holding the petitioner in custody, see *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004), and therefore, the Court will deem Warden Holt the sole respondent.

1


convictions, we summarize the relevant portions of his somewhat lengthy history of convictions and incarceration.

Corey's unhappy trek in the federal system began on May 31, 1988, when he was sentenced to two concurrent 20-year terms of imprisonment for separate bank robbery convictions in the United States District Court for the Southern District of Iowa. (Resp. Ex. A-1.)

On November 30, 1988, Corey was sentenced to a 20-year term of imprisonment for bank robbery in the United States District Court for the District of North Dakota. (Resp. Ex. A-2.) This sentence was to run consecutively to the term of imprisonment imposed in the Southern District of Iowa. (*Id.*)

On March 13, 1989, Corey was sentenced to two concurrent 10-year terms of imprisonment for separate bank robbery convictions in the United States District Court for the Northern District of Iowa. (Resp. Ex. A-3.) These sentences were to run consecutively to the terms of imprisonment imposed in the Southern District of Iowa and the District of North Dakota. (*Id.*)

On January 19, 1990, Corey was sentenced to two consecutive 20-year terms of imprisonment for separate bank robbery counts in the United States

District Court for the Eastern District of Wisconsin.[2] (Resp. Ex. A-4.) This sentence was to run concurrently with the previously imposed terms of imprisonment. (*Id.*)

These sentences were all "old law" sentences imposed prior to the implementation of the United States Sentencing Guidelines. Pursuant to 18 U.S.C. § 4161[3] and BOP Program Statement 5880.30[4], Corey's sentences were aggregated to a single term of 50 years. (Pauley Decl. ¶ VIII; Resp. Ex. A-7.)

On October 11, 2000, Corey was released on parole with 13,515 days remaining on his sentences. (Pauley Decl. ¶ IX; Resp. Exs. A-7, A-8.) On November 17, 2000, Corey was arrested by the United States Marshals Service for violation of the conditions of his parole. (*See* Pauley Decl. ¶ X; Resp. Ex. A-9.) On January 31, 2001, Corey's parole was revoked. (*Id.*) He was given no credit

---

[2] The sentence was imposed for one count of bank robbery filed in the Eastern District of Wisconsin and a second count of bank robbery transferred from the United States District Court for the District of Minnesota pursuant to Fed. R. Crim. P. 20.

[3] Section 4161 provided in relevant part: "When two or more consecutive sentences are to be served, the aggregate of the several sentences shall be the basis upon which the deduction shall be computed." 18 U.S.C. § 4161 (1982 ed.), *repealed by* Sentencing Reform Act of 1984, Pub. L. 98-473, Title II, § 218(a)(4), Oct. 12, 1984, 98 Stat. 2027.

[4] P.S. 5880.30 provides in relevant part: "Based on 18 USC § 4161, consecutive adult sentences, regardless of the type of parole, or non-parole, eligibility involved, are combined (aggregated) into a single sentence for sentence computation purposes." Bureau of Prisons Program Statement 5880.30, "Sentence Computation Manual ('Old Law' Pre-CCCA -1984)", Ch. VII at 28.

for the period from November 4, 2000 to November 16, 2000. (*Id.*) Therefore, it was determined that 13,492 days remained on Corey's parole violator term. (Pauley Decl. ¶ X; Resp. Ex. A-10.)

On December 3, 2001, Corey was again released on parole, with 13,110 days still remaining on his sentences. (Pauley Decl. ¶ XI; Resp. Ex. A-12.) Corey was arrested again for violating the conditions of his release on October 28, 2002. (Pauley Decl. ¶¶ XI-XII; Resp. Ex. A-13.) On June 16, 2003, Corey's parole was revoked. (*Id.*) Corey was given no credit for any time spent on parole. (*Id.*) Thus, 13,110 still remained on his parole violator term.

Corey was given a new parole date of January 23, 2004, and was eventually housed at the Gerald Hinzman Center, a community corrections center in Cedar Rapids, Iowa, for pre-release services. (Pauley Decl. ¶ XIII; Resp. Exs. A-13, A-16.) On December 23, 2003, Corey escaped from the center. (Pauley Decl. ¶ XIII; Resp. Exs. 16.) Corey was arrested in Marysville, Kansas on May 10, 2005 and charged with burglary, conspiracy to commit burglary, and theft in state court. (Pauley Decl. ¶ XIV; Resp. Ex. A-17.) These charges were later dismissed. (*Id.*) Pursuant to 18 U.S.C. § 3568[5] and BOP Program Statement 5880.30[6], Corey was

---

[5] Section 3568 provided in relevant part: "The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. The Attorney General shall

4

not given credit toward his sentences for the "inoperative time" between the date of his escape and the date of his arrest. (Pauley Decl. ¶XV; Resp. Ex. A-15.)

Corey was given a new parole date of January 23, 2007. (Pauley Decl. ¶ XVI; Resp. Ex. A-16.) After his arrest, Corey was initially housed in the Marshall County Jail in Marysville, Kansas. To allow him to begin serving his sentence as of the date of his arrest, the Bureau of Prisons designated that facility as the place of confinement for resumption of his parole violator term. (Pauley Decl. ¶ XV; Resp. Ex. A-19.) Between the time of his arrest and his parole date, Corey was also incarcerated in Linn County Jail and Benton County Jail, two Iowa state facilities. (*See* Pet. at 5; Resp. Ex. A-14.) It is the time spent in these two facilities that Corey seeks to have credited toward his current sentence in his § 2241 petition.

---

give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed." 18 U.S.C. § 3568 (1982 ed.), *repealed by* Sentencing Reform Act of 1984, Pub. L. 98-473, Title II, § 212(a)(2), Oct. 12, 1984, 98 Stat. 2027.

[6] P.S. 5880.30 provides in relevant part: "After a sentence has begun to run, it becomes 'inoperative' if it stops running for any reason and remains inoperative until it resumes. This condition is known as inoperative time.... The most frequent reason[] that a sentence becomes inoperative [is] escape.... If a person departs federal custody after arrest without the permission of the Attorney General or order of the court, then such person will be placed in escape status and the sentence then serving shall become inoperative." Bureau of Prisons Program Statement 5880.30, "Sentence Computation Manual ('Old Law' Pre-CCCA -1984)", Ch. V at 1-2.

Corey was paroled on January 23, 2007. On that same date, Corey was sentenced on new federal charges arising out of his escape. Corey was sentenced in the Northern District of Iowa to a 48-month term of imprisonment and three years of supervised release. (Pauley Decl. ¶XVII; Resp. Ex. A-20.) This "new law" sentence imposed pursuant to the Prison Litigation Reform Act of 1995 is to run consecutively to Corey's prior sentences. (*Id.*) Corey began serving this sentence on January 23, 2007, the day he was paroled from his prior sentences. (Pauley Decl. ¶ XVIII.)

## II. DISCUSSION

In his § 2241 petition, Corey seeks to have the time he spent in Linn County Jail and Benton County Jail credited toward his current federal sentence. Corey's desired result is precluded by statute. Title 18 U.S.C. § 3585(b), entitled "Credit for prior custody" provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

6

18 U.S.C. § 3585(b) (emphasis added). The time spent by Corey in Linn County Jail and Benton County Jail was credited toward his bank robbery sentences, and therefore, cannot be double-counted toward his escape sentence. *See United States v. Wilson*, 503 U.S. 329, 337 (1992) (noting that in enacting § 3585(b), "Congress made clear that a defendant could not receive a double credit for his detention time").

Corey disputes that his time spent in the county facilities was counted toward his bank robbery sentences, but a little arithmetic will demonstrate that he is flatly wrong. When Corey was released on parole on December 3, 2001, he had 13,110 days remaining on his bank robbery sentences. Corey was arrested on October 28, 2002 for violating the conditions of release, and no credit was given for the time he had spent on parole. Therefore, as of October 28, 2002, Corey had 13,110 days remaining on his sentences. Corey was incarcerated for 422 days from October 28, 2002 until his escape on December 23, 2003. 13,110 minus 422 equals 12,688. The 503 days of inoperative time between Corey's escape and his arrest on May 10, 2005 were not credited toward his sentence. Between May 10 2005 and his parole on January 23, 2007, Corey served 624 days, including the time spent in Linn County Jail and Benton County Jail. 12,688 minus 624 equals 12,064. The January 23, 2007 Bureau of Prison SENTRY report accurately

7

reflects that, as of the date of his parole, Corey had precisely 12,064 days remaining on his sentence. (Resp. Ex. A-15.) Thus, the time Corey spent in the county facility was, in fact, credited toward his bank robbery sentences, and 18 U.S.C. § 3585(b) explicitly precludes this time from also being counted toward his escape sentence.

## III. CONCLUSION

For the foregoing reasons, Corey's § 2241 petition will be denied. An appropriate order will issue.